**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
## E N T R Y   O R D E R
======================================================================

**B & M Realty Act 250 Application**                    **Docket No. 103-8-13 Vtec**
(B & M Realty's Appeal of District 3
Environmental Commission Decision)

Title:  Applicant's Motion to Amend Statement of Questions (No. 2)

Filed:  October 1, 2013

Filed By: B & M Realty, LLC

Response by Two Rivers-Ottauquechee Regional Commission filed October 10, 2013

Reply by B & M Realty, LLC filed October 28, 2013

Title: Applicant's Motion for Enlargement of Time (No.1)

Filed: September 30, 2013, revised November 15, 2013

Filed By: B & M Realty, LLC

Response: None

 _X_ Granted                     ___ Denied                     ___ Other

    B & M Realty, LLC (Applicant) has appealed the July 3, 2013 decision of the District 3 Environmental Commission (Environmental Commission) denying an Act 250 permit for the construction of nine commercial buildings and one residential building in Hartford, Vermont.

### Motion to Amend Statement of Questions

    In its appeal, Applicant presented six questions for the Court's review. On August 9, 2013, Applicant filed a corrected Statement of Questions containing 10 questions. Pending before the Court is Applicant's October 1, 2013 motion to amend its Statement of Questions by adding eight questions, removing four, and revising several others, for a total of 14 questions.

    Interested Person Two Rivers-Ottauquechee Regional Commission (Regional Commission) asks the Court to deny Applicant's motion to amend as to Question 11 which states:

Whether the [Two Rivers-Ottauquechee Regional (TROR)] 2003 Plan, the TROR 2007 Plan, and/or the TROR 2012 Plan were appropriately ratified and approved by the Two Rivers-Ottauqueechee Regional Planning Commission (the "TROR Commission") and, if not, whether such Plans are applicable under Act 250 criterion 10.

The Regional Commission argues that Question 11 is inappropriate at this stage because the issue was not raised in the Environmental Commission proceeding and the two-year statute of limitations for challenging the procedural validity of the 2003 and 2007 plans addressed by the question has run.  (Two Rivers-Ottauquechee Reg'l Comm'n's Mem. in Opp. to Appellant's Mot. to Amend at 1, filed Oct. 10, 2013); see 24 V.S.A. § 4483(b) (limiting actions alleging procedural defects in any plan or bylaws to two years).  Because of the expired time limit, the Regional Commission argues, adding Question 11 will also result in an unwarranted use of resources by the Court and parties.

"Like motions to amend a complaint under V.R.C.P. 15, motions to amend a Statement of Questions are to be liberally granted, so long as they do not prejudice the other party . . . ."  In re Ridgewood Estates Homeowners' Ass'n & Indian Creek Homeowners' Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.).  Prejudice may occur, for example, "where a motion to amend is submitted after trial, after a statement of questions [has] already been amended, or after a motion for summary judgment was denied."  In re All Metals Recycling, Inc. Discretionary Permit Application, No. 171-11-11 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 23, 2012) (Walsh, J.).  Moreover, "a motion to amend is "typically granted when it 'is neither frivolous nor made as a dilatory maneuver or in bad faith.'"  Verizon Wireless Barton Act 250 Permit Telecomms. Facility, No. 6-1-09 Vtec, slip op. at 11 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.).

Regardless of Question 11's merit, we are directed to liberally grant its addition absent a showing of prejudice, frivolousness, or bad faith.  The Regional Commission has not shown how it will be prejudiced by the addition of Question 11 at this early stage of the case.  The parties are in the middle of discovery and therefore have time and opportunity to address this issue.  Moreover, this amendment leaves sufficient time for any related pretrial motions, now due April 15, 2014 pursuant to this Entry Order, over six months after Applicant's motion to amend.  The Regional Commission also fails to present any evidence to support a claim that Question 11 is frivolous or made in bad faith.  The question relates to the project's conformance with a regional plan under Criterion 10, an issue raised below, and is therefore relevant to this appeal.  Furthermore, an opposition to a motion to amend the Statement of Questions is not the appropriate means for arguing that a question is time barred.

Because the addition of Question 11 will not prejudice the Regional Commission, and the Regional Commission has not shown that the question is frivolous or a product of bad faith, Applicant's motion to amend as to Question 11 is **GRANTED.**  We also **GRANT** Applicant's motion to amend as to the remaining 13 questions which are unopposed.

## Motion to Continue

Also pending before the Court is Applicant's unopposed motion to revise the pre-trial schedule to extend the discovery and pre-trial motion deadlines by four months. Applicant's motion to move the discovery deadline to January 26, 2014 and pre-trial motion deadline to April 15, 2014 is **GRANTED.**


_____          _____November 26, 2013_____
            Thomas G. Walsh, Judge                                              Date
=====================================================================
Date copies sent: _____                              Clerk's Initials: _____
Copies sent to:
    Christopher D. Roy, Esq. and Paul S. Gillies, Esq., Attorneys for Applicant
    Robert E. Woolmington, Esq., Attorney for Two Rivers-Ottauquechee Regional Commission
    Melanie Kehne, Esq., Attorney for the Natural Resources Board
    Interested Person Carol Rataj
    Interested Person David Rataj